

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*86 Chambers Street*
*New York, New York 10007*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/28/2023__

December 26, 2023

**VIA ECF**
Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   *National Organization for Women-New York City v.*
            *U.S. Department of Defense*, et al., 23 Civ. 6750 (VEC)

Dear Judge Caproni:

      This Office and the Department of Justice's Civil Division represent defendants U.S. Department of Defense ("DoD") and U.S. Department of Veterans Affairs ("VA") (together, the "Defendants" or the "Government"), in the above-referenced matter commenced by plaintiff National Organization for Women-New York City ("Plaintiff").

      As set forth below, the Government writes respectfully to request a 90-day stay of the case, to allow DoD and VA to continue ongoing deliberations regarding confirmed (as to DoD) and potential (as to VA) policy changes that will materially alter the scope—and likely moot several—of Plaintiff's claims in this case. Should this Court decline to stay the deadlines in this case for a 90-day period, the Government alternatively requests an extension of its answer deadline to file an anticipated motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1), from January 8, 2024, to a date 30 days from the date this Court rules on Defendants' stay request. *See* Order dated Sept. 29, 2023, at 2 [ECF No. 17]. Defendants further request that the Court hold in abeyance the parties' obligation to submit a joint pre-initial conference letter and a Civil Case Management Plan and Scheduling Order by January 11, 2024, and adjourn *sine die* the initial conference scheduled for January 19, 2024, at 10:00 a.m. *Id.* This is Defendants' first request for a stay of this case and, alternatively, its second request for an extension of time to respond to the complaint.

      Defendants have met and conferred with counsel for Plaintiff, who have agreed to a 50-day stay of the claims that relate to two of the three DoD policies that are the subject of the complaint (the Gametes Condition and the Marriage Condition, discussed *infra* at 2), and a one-week extension of Defendant's time to answer the complaint, from January 8, 2024, to January 16, 2024.[1] Plaintiff does not consent to a stay of the remaining claims in the complaint.

---

[1] In a December 15, 2023 e-mail to the Government, Plaintiff's counsel agreed to extend the January 8, 2024 deadline by one week, to January 15, 2024. Because January 15 is a federal holiday, we have construed Plaintiff's consented-to deadline for the Government's response to be January 16, 2024.

As alleged in Plaintiff's complaint, military service members are generally entitled to certain healthcare benefits. Compl. ¶ 17. Active-duty service members are generally eligible for healthcare through TRICARE, which is administered by the DoD. *Id*. ¶¶ 13, 17. Veterans are generally eligible for healthcare through the Veterans Health Administration ("VHA"), which is administered by the VA. *Id.* ¶ 17. Prior to 2012, neither DoD nor VA provided IVF benefits. *Id.* ¶ 18. More recently, however, both agencies have elected to provide IVF benefits in certain circumstances, subject to statutory and resource constraints.

On August 2, 2023, Plaintiff filed the instant suit against DoD and VA, challenging the agencies' current IVF policies insofar as they require that service members and veterans seeking IVF coverage: (1) have a qualifying "'serious or severe' illness or injury from service" (for TRICARE beneficiaries) or a "service-connected" disability that results in infertility (for VHA beneficiaries), Compl. ¶ 7 ("SCD Condition"); (2) together with a spouse, be able to provide their own sperm and eggs and not use gametes from third parties, *id.* ¶ 6 ("Gametes Condition"); and (3) be lawfully married, *id.* ("Marriage Condition").

However, before Plaintiff filed suit, DoD and VA had begun reviewing their IVF policies. In light of these efforts, Defendants previously requested, and this Court granted, an 80-day extension of the Government's initial deadline to respond to the complaint, and an 85-day extension of the parties' initial deadline to submit a proposed Civil Case Management Plan and Scheduling Order and an adjournment of the initial conference. ECF No. 17.

Earlier this month, DoD determined that it will change its policy regarding IVF benefits to remove the requirement that qualifying individuals be married and to remove the categorical bar on the use of donor (*i.e.*, a non-spouse third-party's) gametes. DoD is in the process of determining the exact contours of these policy changes and expects to finalize and share with Plaintiff a signed memorandum by the end of February 2024 that formally directs the changes and provides further details on their scope. DoD will then begin the process of formally implementing these policy changes. Once implemented, DoD's policy changes will likely moot Plaintiff's challenges to the Gametes Condition and the Marriage Condition in DoD's IVF policy.

VA's review of its IVF policy, and consideration of potential changes thereto, remains ongoing. The federal statute that appropriates funds to VA for assisted reproductive technology ("ART") benefits, which includes IVF, defines ART with reference to the DoD's IVF policy:

> The term "assisted reproductive technology" means "benefits relating to reproductive assistance provided to a member of the Armed Forces who incurs a serious injury or illness on active duty pursuant to [10 U.S.C. §1074(c)(4)(A)], as described in the memorandum . . . 'Policy for Assisted Reproductive Services for the Benefit of Seriously or Severely Ill/Injured (Category II or III) Active Duty Service Members' issued by the Assistant Secretary of Defense for Health Affairs on April 3, 2012 [*i.e.* the DoD IVF policy], and the guidance issued to implement such policy, including any limitations on the amount of such benefits available to such a member."

Consolidated Appropriations Act, 2023. Pub. L. No. 117-328, § 234(b)(3), 136 Stat. 4459 (2023) (Compl. Ex. D); Compl. ¶ 22. VA is now also tasked with considering how DoD's policy change

may affect VA's current IVF policy and any potential changes thereto, because the statutory authorities governing VA make the form and substance of DoD's policy change relevant to VA's policy.

Accordingly, the Government respectfully requests a 90-day stay to give the agencies time to work through the planned and potential revisions to their IVF policies. The requested stay will appropriately conserve agency, attorney, and judicial resources, and will support DoD's determination to finalize the new policy change and VA's commitment to continue considering appropriate changes to its policy, in light of DoD's policy change or otherwise. If this Court declines to grant the Government's requested stay, we respectfully request that the Government's anticipated motion to dismiss the complaint on Rule 12(b)(1) grounds be due 30 days after this Court's ruling on the stay motion.

We thank the Court for its consideration of this request.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ Tomoko Onozawa
TOMOKO ONOZAWA
Assistant United States Attorney
Telephone: (212) 637-2721
Facsimile: (212) 637-2717
E-mail: tomoko.onozawa@usdoj.gov

cc: All Counsel of Record (via ECF)

---

By not later than **Friday, January 5, 2024**, Plaintiff must file a response letter explaining why it opposes a 90-day stay and why such a stay and adjournment of upcoming deadlines is not an efficient way to proceed.

The deadline for Defendants to answer or otherwise respond to the Complaint is extended until at least **Tuesday, January 16, 2024**, and may be extended further following the Court's receipt of Plaintiff's response letter.

SO ORDERED.

*[signature]*         12/28/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE