# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

December 28, 2023

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/2/2024

<u>VIA ECF</u>

**The Honorable Valerie E. Caproni**
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *NOW-NYC v. U.S. Dept. of Def.,* et al., No. 23-CV-6750 (VEC)

Dear Judge Caproni:

   Plaintiff submits this response letter to explain "why it opposes a 90-day stay and why such a stay and adjournment of upcoming deadlines is not an efficient way to proceed." ECF No. 29; *see also* ECF No. 28 (stay request). This is Defendants' second request for a lengthy delay in this case. As explained below, the parties agree that the government's representations moot only a portion of this case. For this reason, Plaintiff requests (and previously offered the government to stipulate) that the Court stay so much of the case as will become moot in February 2024, per the government's representations, while allowing the remaining claims to proceed. If granted *in toto*, this stay would result in an extension of almost six months from the Defendants' original deadline to respond, even as to claims the government concedes will be unaffected by its current policy review. This would be neither fair to Plaintiff nor an efficient way to proceed.

   This suit challenges three conditions on access to U.S. Department of Defense ("DoD") and U.S. Department of Veterans Affairs ("VA") in vitro fertilization ("IVF") health insurance coverage: the Marriage Requirement, Member Gamete Requirement, and Service-Connection Requirement. Complaint, ECF No. 1 at ¶¶ 6-7. DoD now represents that it will eliminate two of the three challenged conditions, while VA continues to study the issues. ECF No. 28. As a result, Plaintiff agrees to a 50-day stay of its claims challenging *DoD's* Marriage and Member Gamete Requirements, to allow DoD to finalize an updated IVF Policy that it represents may resolve those aspects of the case. However, Plaintiff opposes Defendants' Motion for a 90-day stay of the case with regard to the claims that Defendants acknowledge will remain unresolved—that is, the claims challenging DoD's Category II or III illness or injury requirement, *as well as all of the Claims challenging VA's* Marriage, Member Gamete, and Service-Connection Requirements. *See* ECF No. 28. This case is time-sensitive for many of NOW-NYC's members, some of whom are currently undergoing fertility treatment, and we request that the Court allow litigation to proceed as to those claims that all parties agree will not be mooted by the DOD's policy change.

**Communications Between Counsel Concerning Defendants' Requests for Delay**

   In the Parties' initial meet and confer on September 14th, Defendants represented that both DoD and VA were in active discussions to change their IVF policies, which might resolve some of the claims in the case. Although Defendants stated that the potential changes would not resolve

*all* of the claims in the case, they requested, and Plaintiff agreed to, a three-month extension of their time to file a response to allow the Defendants time to resolve part of the case. ECF No. 16.

While Plaintiff appreciates the efforts to resolve some issues in the case, Defendants acknowledge in their Motion that the proposed policy changes will not moot all the claims in this action. Further, Defendants' representations are less than iron clad. In their motion, Defendants clarify that the DoD is still working out the "exact contours" of its new policy. Moreover, although they represent that the new DoD policy will be finalized by the end of February, they also admit that issuance of a new memorandum is only the beginning of a "process of formally implementing" these policy changes. ECF No. 28 at 2. Finally, Defendants now only represent that when the policy is finally "implemented" at an unspecified future date, DoD's policy changes will "*likely* moot Plaintiff's challenges to the Gametes Condition and the Marriage Condition." *Id.* (emphasis added).

Defendants represent that the planned policy changes would partially resolve some of Plaintiff's claims against DoD only; they would not resolve any claims against VA. Defendants do not represent that a similar policy change is forthcoming from the VA and, indeed, have indicated that there are more impediments to such a change.

Defendants also indicate that the challenged Service Connection Requirements are not under review *by either the DoD or VA*, and there appear to be no plans to voluntarily remove this harmful and discriminatory policy.

### **Plaintiff Partially Opposes Defendants' Motion**

Given that none of the claims against VA, and the claims against one of three challenged DoD conditions on access to IVF, will not be resolved after yet another three months, Plaintiff respectfully requests that the Court decline to grant the request for a 90-day stay of the entire case. Based on the government's representations, Plaintiff does not oppose a stay of 50 days of the claims against the DoD Member Gamete and Marriage Requirements, to the end of February. This would allow DoD time to finalize and publish the promised updated policy. Plaintiff must, however, oppose a stay of *any* of the claims asserted against the VA, and any of the claims asserted against the Service-Connection Requirements imposed by both Defendants.

In summary, Plaintiff respectfully requests that the Court issue an order granting a 50-day stay *only* of Plaintiff's claims against Defendant DoD's Marriage and Member Gamete Requirements and denying Defendants' request for a stay of all other claims. A 90-day stay will not resolve this case and will only further delay this litigation, jeopardizing Plaintiff's members' ability to have children.

Respectfully submitted,

| | |
|---|---|
| By: /s/ *Michael J. Wishnie* | /s/ *Priscilla J. Smith* |
| Leah Fessler, Law Student Intern | Donovan Bendana, Law Student Intern |
| Natalie Geismar, Law Student Intern | Rosemary Coskrey, Law Student Intern |
| K.N. McCleary, Law Student Intern | Trudel Pare, Law Student Intern |
| Renée Mihail, Law Student Intern | Grace Sullivan, Law Student Intern |
| Briana Thompson, Law Student Intern | Priscilla J. Smith, PS6961 |
| Natalia Friedlander, Pro hac vice | Reproductive Rights and Justice Project |
| Michael J. Wishnie, MW1952 | Information Society Project |
| Veterans Legal Services Clinic | Yale Law School |
| Yale Law School | 319 Sterling Pl. |
| P.O. Box 209090 | Brooklyn, NY 11238 |
| New Haven, CT 06520-9090 | (347) 262-5177 |
| (203) 432-4800 | priscilla.smith@ylsclinics.org |
| michael.wishnie@ylsclinics.org | |

cc: All Counsel of Record (via ECF)

---

Defendants' motion to stay is GRANTED IN PART and DENIED IN PART.

The matter is STAYED for 90 days with respect to the claims challenging both the DoD and VA's Marriage Requirement and Member Gamete Requirement of their IVF health insurance coverage to give them time to finalize policy changes that will likely moot those claims. The deadline for Defendants to answer the Complaint with respect to the stayed claims is extended from Tuesday, January 16, 2024, to **Monday, April 15, 2024**. The Court is highly unlikely to grant further stays or extensions of time absent extraordinarily good cause.

Defendants' motion to stay is DENIED as to the claims challenging the DoD and VA's Service-Connection Requirement, as they have provided no indication that expected policy changes will moot these claims. Defendants' deadline to answer the Complaint with respect to the claims challenging the DoD and VA's Service-Connection Requirement is extended from Tuesday, January 16, 2024, to **Friday, January 26, 2024**. The parties' deadline to file a joint letter and proposed case management plan is extended from Thursday, January 11, 2024, to **Thursday, January 25, 2024**. The Initial Pretrial Conference scheduled for Friday, January 19, 2024, at 10:00 A.M. is adjourned to **Friday, February 2, 2024 at 10:00 A.M.**

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 28.

SO ORDERED.

*[Signature: Valerie Caproni]*   1/2/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE