

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 30, 2024

**VIA ECF**
Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *National Organization for Women-New York City v.*
              *U.S. Department of Defense*, et al., 23 Civ. 6750 (VEC)

Dear Judge Caproni:

      This Office and the Department of Justice's Civil Division represent defendants U.S. Department of Defense ("DoD") and U.S. Department of Veterans Affairs ("VA") (together, "Defendants") in the above-referenced action commenced by plaintiff National Organization for Women-New York City ("NOW-NYC" or "Plaintiff"), which challenges certain DoD and VA policies relating to the provision of in vitro fertilization ("IVF") services to qualifying active-duty service members and veterans, respectively.  In advance of the conference scheduled for February 2, 2024, at 10:00 a.m. (ECF No. 37), Defendants write respectfully to set forth the bases for their request for a stay of discovery pending the resolution of Defendants' January 26, 2024 motion to dismiss Plaintiff's complaint in its entirety (ECF Nos. 35 and 36), including the Marriage Condition and the Gametes Condition claims, which the Court stayed by Order dated January 2, 2024  (ECF No. 31), due to anticipated policy changes by DoD and VA.[1]

      **1.  Standard of Review For Considering a Stay of Discovery Under Fed. R. Civ. P. 26(c)**

      Under Rule 26(c) of the Federal Rules of Civil Procedure, this Court has discretion to stay discovery for good cause shown.  *Hall-Landers v. New York University*, 20 Civ. 3250 (GBD) (SLC), 2023 WL 8113243, at *3 (S.D.N.Y. Nov. 22, 2023) (citing cases).  In determining whether the Court should "exercise its discretion to grant a stay of discovery," this Court "must look to the particular circumstances and posture of each case." *Id.* (quoting *Association Fe Y Allegria v. Republic of Ecuador*, 98 Civ. 8650 (BSJ), 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999)).  Courts determining whether to grant a stay consider "the strength of the motion," the "breadth of discovery sought," and "any prejudice that would result." *Brooks v. Macy's Inc.*, No. 10 Civ. 5304 (BSJ) (HBP), 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010).  For the reasons set forth below,

---

[1] Plaintiff's complaint challenges DoD's and VA's IVF policies insofar as they require that "[v]eterans and service members seeking coverage of IVF treatments must" (1) "together with a spouse, be able to provide their own sperm and eggs and are prohibited from using gametes from third parties," Compl. ¶ 6 ("Gametes Condition"); (2) be lawfully married, *id.* ("Marriage Condition"); and (3) have a qualifying "'serious or severe' illness or injury from service" (for active-duty service members) or a "service-connected" disability that results in infertility (for veterans), *id.* ¶ 7 ("SCD Condition").

Defendants have established good cause for a stay of discovery in this matter.

### 2. Defendants' Motion to Dismiss Raises Strong Arguments That Are Dispositive of Plaintiff's Claims

For the first "strength of the motion" factor, the party moving for a stay of discovery "must demonstrate 'substantial arguments for dismissal.'" *Gross v Madison Square Garden Entertainment Corp.*, 23 Civ. 3380 (LAK) (JLC), 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (quoting *O'Sullivan v. Deutsche Bank AG*, 17 Civ. 8709 (LTS) (GWG), 2018 WL 198585, at *3–4 (S.D.N.Y. Apr. 26, 2018)). Courts "have granted a stay of discovery when a motion to dismiss 'is potentially dispositive, and appears to not be unfounded in law.'" *Id.* (citing cases). A stay of discovery in this case is warranted because Defendants' motion to dismiss the complaint under Rule 12(b)(1), and to dismiss in part under Rule 12(b)(6), filed on January 26, 2024, meets that standard. *See generally*, Defs.' Mem. of Law in Support of Motion to Dismiss ("Defs.' Br.") (ECF No. 36).

A dispositive motion that raises threshold challenges to the Court's jurisdiction merits a stay of discovery because it will entirely dispose of this case if granted. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."); *Renois v. WVMF Funding, LLC*, 20 Civ. 9281 (DF), 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (granting defendants' motion to stay discovery where defendants' arguments in Rule 12(b)(1) motion "are colorable and raise threshold challenges to the Court's subject-matter jurisdiction and Plaintiff's standing to bring suit . . . [and] if granted, would result in the dismissal of the entire action."). Defendants' motion raises threshold jurisdictional defenses as to all of Plaintiff's claims, including that Plaintiff lacks standing to pursue any of its challenges to the Defendants' IVF policies. Defs.' Br. at 11–17. As explained in Defendants' motion, Plaintiff cannot establish organizational standing because it failed to plead a direct, involuntary injury that it suffered because of Defendants' IVF policies. *Id.* at 11–12. Plaintiff also failed to establish associational standing because it must, but did not, identify by name at least one member who failed to secure IVF benefits due to any of the challenged conditions. *Id.* at 12–14. Defendants' motion further argues that the Veterans Judicial Review Act ("VJRA"), 38 U.S.C. § 511(a), divests this Court of jurisdiction over Plaintiff's claims against the VA, because the VJRA sets forth an exclusive scheme through which a party must assert any challenge to an adverse benefits determination; Plaintiff cannot sidestep that review scheme by commencing an action in federal district court. *Id.* at 17–19.

In addition, Defendants motion raises further threshold challenges to Plaintiff's claims related to the SCD Conditions—the only claims not currently stayed. Plaintiff has failed to show that a favorable ruling would redress any injury stemming from either Defendant's SCD Condition because both are statutorily prohibited from providing IVF benefits to those who lack a qualified injury under applicable law. *Id.* at 15–16. Moreover, Defendants argue that as to DoD, Plaintiff has not alleged that a single NOW-NYC member has been denied IVF benefits by DoD for lack of a qualifying service-connected disability, and thus Plaintiff lacks standing to challenge DoD's SCD Condition. *Id.* at 14–15. For these reasons too, a stay of discovery as to the claims not currently subject to the Court's stay motion is warranted.

Even if Plaintiff can establish this Court's subject-matter jurisdiction over this action, Defendants' motion demonstrates why Plaintiff's claims against both Defendants' SCD Conditions—again, the only claims not subject to the Court's current partial stay—fail on the merits. Plaintiff has failed to state a substantive due process claim as to either Defendant's SCD Condition because a fundamental right to procreate does not include an affirmative duty by the government to provide benefits to facilitate procreation. *Id.* at 19–23. As Defendants' motion also argues, Plaintiff's APA arbitrary-and-capricious claim against DoD's SCD Condition fails because DoD did not adopt that restriction pursuant to its policymaking discretion; it was required to do so under statute, and Plaintiff does not suggest otherwise. *Id.* at 23–25. This Court should thus resolve whether Plaintiff has alleged a plausible entitlement to relief as to these claims before requiring the parties to expend resources on a discovery process with respect to both Defendants' SCD Conditions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("when the allegations in a complaint . . . could not raise a claim of entitlement to relief . . . this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court").

### 3. Proceeding With Discovery Will Unduly Burden Defendants

The second factor—the breadth of discovery and the burden of responding to it—also merits a stay of discovery. Where, as here, "Defendants' motion to dismiss seeks dismissal of the entire complaint on multiple grounds, and if granted, any discovery, including depositions and obtaining the remainder of paper discovery, conducted in the interim would have been without purpose." *Mineo v. Town of Hempstead*, 22 Civ. 4092, 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023). Additionally, DoD and VA have each committed to change their IVF policies, which will alter the landscape of this case and potentially moot many of Plaintiff's claims. *See* Defs.' Br. at 6–7, 9. A stay of discovery will permit agency personnel and officials with decisionmaking authority to allocate their time and resources towards determining the scope of changes to their IVF policies and, once finalized, to implementing them as expeditiously as possible. By contrast, if discovery were to proceed, the defendant agencies would have to expend resources negotiating over the scope of discovery and searching for, reviewing, and processing any non-privileged materials that they agree to produce.

### 4. A Stay of Discovery Will Not Unfairly Prejudice Plaintiff

The third factor also warrants a stay of discovery. Although Plaintiff asserts that Defendants' "SCD Requirements are corrosive to the dignity of NOW-NYC members, arbitrary and capricious, unrelated to any legitimate governmental interest, and unlawful," Joint Letter dated Jan. 25, 2024, at 2 (ECF No. 33), it cannot demonstrate that it will suffer prejudice from a stay of discovery during the pendency of Defendants' anticipated motion to dismiss Plaintiff's complaint, including the SCD Condition claims, or during the Court's current stay of the litigation as to the Marriage Condition and the Gametes Condition claims. Notably, Plaintiff has not identified any harm resulting from the stay the Court has already ordered for two out of three of Plaintiff's challenged conditions. (ECF No. 31). Moreover, as set forth in Defendants' motion to dismiss, Plaintiff has failed to allege an imminent and concrete injury-in-fact as to itself, other than a purported generalized harm to its abstract social interests. Defs.' Br. at 12. Plaintiff has also failed to identify a single member who would be irreparably harmed by a discovery stay here, nor could it. Discovery alone would not provide relief to any member, and at this juncture, it is unclear when

the discovery process would end, when this case would reach a final judgment, and whether that final judgment would provide Plaintiff or any individual member with any relief.  At most, Plaintiff can only generally assert that a discovery stay would lead to an unspecified delay, but this Court has held that "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery.  Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *Broccoli v. Ashworth*, 21 Civ. 6931 (KMK), 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) (quoting *O'Sullivan*, 2018 WL 198585, at *9)).  *See also Spinelli v. National Football League*, 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice.").

Defendants' motion to dismiss raises arguments that are substantial and strong, purely legal, and completely dispositive of Plaintiff's claims. Engaging in discovery pending resolution of the motion to dismiss would be unduly burdensome for Defendants, and will not cause undue prejudice to Plaintiff.  *Mineo*, 2023 WL 7283784, at *2.  This Court should therefore grant Defendants' request for a stay of discovery.

We thank the Court for its consideration of this letter.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney for the
        Southern District of New York

By:   */s/ Tomoko Onozawa*
      TOMOKO ONOZAWA
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Phone: (212) 637-2721
      E-mail: tomoko.onozawa@usdoj.gov

cc:   All Counsel of Record (via ECF)